# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

REGINALD L. WILKERSON,
      Appellant,

      v.

OFFICE OF PERSONNEL
  MANAGEMENT,
      Agency.

DOCKET NUMBER
CH-844E-20-0199-I-1

DATE: July 30, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Reginald L. Wilkerson</u>, Fishers, Indiana, pro se.

<u>Shaquita Stockes</u>, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the final decision of the Office of Personnel Management (OPM) dismissing his application for a disability retirement annuity under the Federal Employees' Retirement System (FERS) as untimely filed. For the reasons set

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown.  5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

The appellant filed an appeal of OPM's reconsideration decision dismissing his FERS disability retirement appeal as untimely filed, and the administrative judge held a hearing.  Initial Appeal File (IAF), Tabs 1, 13.  The administrative judge issued a May 19, 2020 initial decision affirming OPM's decision.  IAF, Tab 14, Initial Decision (ID).  The initial decision specifically stated that the deadline to file a petition for review was June 23, 2020, and provided information on how to file a petition for review.  ID at 7-8.  The appellant filed a petition for review, with a postmark dated December 23, 2020, which is the filing date acknowledged by the Board.  Petition for Review (PFR) File, Tab 1 at 1; *see* PFR File, Tab 2 at 1.

The Acting Clerk of the Board notified the appellant that, because he filed his petition for review after June 23, 2020, i.e., over 35 days following the issuance of the May 19, 2020 initial decision, it was untimely filed.  PFR File, Tab 2 at 2.  The letter explained to the appellant that the Board's regulations require a petition for review that appears untimely to be accompanied by a motion to accept the filing as timely and/or to waive the time limit for good cause, and set a deadline for the appellant to file such a motion.  *Id.*  The appellant did not file the required motion concerning the timeliness of his petition for review.  The agency did not file a response to the appellant's petition for review.

## DISCUSSION OF ARGUMENTS ON REVIEW

Generally, a petition for review must be filed within 35 days after the date of issuance of the initial decision or, if the petitioner shows that he received the initial decision more than 5 days after the date of issuance, within 30 days after the date he received the initial decision.  5 C.F.R. § 1201.114(e).  The Board may waive the time limit for filing a petition for review upon a showing of good cause

for the untimely filing. 5 C.F.R. § 1201.114(g). To establish good cause, the appellant must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Palermo v. Department of the Navy*, 120 M.S.P.R. 694, ¶ 4 (2014). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limit or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Id.*

Here, the administrative judge informed the appellant that the initial decision would become final on June 23, 2020, unless a petition for review was filed by that date. ID at 7. The appellant filed his petition for review on December 23, 2020, six months late, and failed to respond to the Clerk's order instructing him to explain his untimeliness. *See* PFR File, Tab 1 at 1-2. An appellant who files a petition for review late but does not file the required motion concerning the timeliness of his petition for review has failed to show the due diligence and ordinary prudence necessary for the Board to find good cause for his delay in filing. *Galleno v. Office of Personnel Management*, 63 M.S.P.R. 440, 442 (1994) (finding that an appellant who filed her petition for review 4 months late, and failed to file the required motion on timeliness, failed to show good cause for waiver of the filing deadline), *aff'd*, 48 F.3d 1236 (Fed. Cir. 1995) (Table); *see Goldberg v. Department of Defense*, 39 M.S.P.R. 515, 518 (1989) (stating that in the absence of good cause shown, the Board will not waive its timeliness requirements even if the delay is minimal); *Mejia v. Office of Personnel Management*, 38 M.S.P.R. 472, 473 (1988) (finding that, where the appellant failed to respond to the Clerk's notice concerning the timeliness of his petition for review and his untimely filing did not include a motion for waiver of the time limit or an affidavit or statement to establish good cause, the appellant

has not demonstrated good cause for the untimely filing). Because the appellant failed to file the required motion, as was explained in the Acting Clerk's January 13, 2021 letter acknowledging his petition for review, we find that he has failed to establish good cause for the waiver of the time limit. PFR File, Tab 2 at 1-2; *Galleno*, 63 M.S.P.R. at 442; *Goldberg*, 39 M.S.P.R. at 518; *Mejia*, 38 M.S.P.R. at 473; 5 C.F.R. § 1201.114(e).

Although the appellant failed to respond to the Clerk of the Board's notice instructing him to demonstrate that his petition for review was timely filed or that good cause existed for the late filing, *see* PFR File, Tab 2, in his petition for review filing, he appears to suggest that he did not receive the initial decision until December 11, 2020, PFR File, Tab 1 at 2. The appellant states that he contacted the OPM representative regarding the status of his appeal in May 2020 and was informed that a decision had been issued, but that the OPM representative refused to provide him a copy of the decision at that time. *Id.* He states that he reached out to OPM several additional times over the following months and was told that he would be sent something in the mail by one official and that his case was still being considered by a different official, and indicates that OPM finally sent him a copy of the decision on December 11, 2020. *Id.* The appellant also provides a photograph of an envelope reflecting a return address from OPM and an illegible postmark stamp, which he appears to indicate contained the copy of the initial decision he received on December 11, 2020. *Id.* at 4.

Even if we were to consider the appellant's argument as a claim that good cause exists for his untimeliness because he did not receive the initial decision from the Board and instead first received it in the first instance on December 11, 2020, from an OPM official, we conclude that this explanation is not reasonable as it is contradicted by the Board's records indicating that the initial decision was electronically served on the appellant. The certificate of service for the initial decision indicates that on May 19, 2020, the regional office served the initial

decision on the appellant electronically, since he had registered as an e-filer. IAF, Tab 15; *see* IAF, Tab 10 at 2; 5 C.F.R. § 1201.14(m)(2) (2020) (explaining that Board documents served electronically on registered e-filers are deemed received on the date of electronic submission). Registration as an e-filer constitutes consent to accept electronic service of pleadings filed by other registered e-filers and documents issued by the Board. 5 C.F.R. § 1201.14(e) (2020). Additionally, as an e-filer, the appellant was responsible for ensuring that filters did not block the Board's emails and for monitoring case activity in the Repository to ensure that he had received all case-related documents. 5 C.F.R. § 1201.14(j)(2)-(3) (2020). There is also no indication that the appellant attempted to change his method of service to regular mail or to withdraw as an e-filer at any point. *See* 5 C.F.R. § 1201.14(e)(4), (6) (2020) (permitting withdrawal of registration as an e-filer and outlining the process for changing the email address of record). Consequently, the record does not support the appellant's suggestion that he did not receive the initial decision from the Board, and instead received it for the first time from an OPM official on December 11, 2020.[2]

Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the appeal challenging OPM's decision dismissing his application for a FERS disability retirement appeal as untimely filed.

---

[2] Additionally, even if we were to assume that the appellant first received a hard copy of the initial decision from an OPM representative on December 11, 2020, we would still conclude that he did not act diligently in filing his petition for review because he acknowledges that he was told by the OPM official sometime in May 2020 that the initial decision had already been issued, but nevertheless did not attempt to file a petition for review or request an extension of time to do so until December 23, 2020. *See* PFR File, Tab 1 at 2.

**NOTICE OF APPEAL RIGHTS**[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


*Gina K. Grippando*

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.